# Nixon Bros. *v.* Killian.

*Attachment Case, commenced in Justice's Court.*

1. *Right to trial by jury in City Court of Decatur.*—Under the act establishing the City Court of Decatur (Sess. Acts 1888-9, pp. 316-23), no provision is made as to the time and manner in which a trial by jury must be demanded, in civil cases removed to that court by appeal from a justice's court; and when a case so commenced is removed, if it be necessary to file a new complaint, it is sufficient to indorse on it the demand for a trial by jury, unless the right has been waived by some affirmative act on the part of the plaintiff.

APPEAL from the City Court of Decatur.

Tried before the Hon. WM. H. SIMPSON.

This action was brought by Nixon Brothers, suing as a partnership, against Mrs. S. M. Killian; and was commenced in a justice's court, by attachment sued out on the *29th July*, 1889, as dated in the transcript. A complaint was filed in the justice's court, claiming $20.50 as due by open account; and the justice seems to have rendered judgment for the plaintiffs, though, as copied in the transcript, it is in favor of the defendant, and against the plaintiffs, for $20.45, with costs. The justice's transcript, as copied in the transcript, states that the attachment was sued out on the *9th July*, that his judgment was rendered on the same day, and that an appeal was taken *July 12th;* and his transcript was filed in the City Court on the *29th July.* The affidavit for the attachment, the bond, and the writ itself, as set out, are dated *July 29th.* On the 2d October, 1889, the plaintiff filed in the City Court a complaint, claiming $20.45 as due by open account, and indorsed on it a demand for a trial by jury. On a subsequent day of the October term, the defendant moved to strike this complaint from the files, and with it the demand for a trial by jury. The court sustained the motion, and the plaintiffs excepted; and this judgment and ruling is here assigned as error.

KYLE & SKEGGS, for appellants.

McCLELLAN, J.—The act establishing the City Court of Decatur (Acts 1888-9, pp. 316-323) provides, that a jury trial, in civil cases, must be deemed to have been waived,

unless it is "demanded by the plaintiff at the commencement of the suit, or by the defendant at the time of the filing of his plea or demurrer, by indorsing such demand in writing on the summons and complaint, plea, or demurrer; . . . . *provided* that, when a cause is transferred to said City Court, the demand for a jury shall be made at the time of the application for such transfer." It is manifest that the section quoted does not in terms cover all jury causes which may be pending in said court, but only such suits as are "commenced" therein, or are transferred thereto from the Circuit Court of Morgan county; and as to these latter, the demand provided for is that only of the party who applies for the transfer. Actions begun before a justice's court, and brought into the City Court by appeal, are clearly not within the language employed, nor in them can the demand be made in the manner required, since no summons issues in that court in such cases, and it is not essential that any complaint should be filed therein, where a complaint was filed before the justice, though it may be done. And so with reference to transfers, the statute makes no provision for demand by the party who does not apply for the transfer; and as, in such case, a summons and complaint must, and the plea or demurrer may, already have been in the court from which the cause is transferred, the requirement as to the time and manner of making the demand, *i. e.*, by indorsement on the summons or plea, &c., when filed, could not be complied with. Under these exigencies, what shall be considered a waiver of the constitutional right of a trial by jury?

The failure to make a certain demand, at a given time and in a particular manner, shall, the statute provides, be deemed and held a waiver. It makes no other provision as to waiver. That demand, in a case like this, can not be made at the time and in the manner required. Shall a party be held to have lost a right, deemed of such vital importance as to be secured by the organic law, by his failure to do a thing which the law affords him no opportunity to do? A statute which would have this effect, would be palpably unconstitutional. The act under consideration must be given a construction which will avoid that result. It would *seem* that the present is *casus omissus* from the terms of the statute; and hence that the plaintiff was entitled to a jury, unless he did some act—of which there is no pretense in the record—which, wholly apart from the statute, would have amounted to an affirmative waiver of a jury trial. The facts of this case do not, however, require us to go to this extent. Here, the plaintiff did file a complaint in the City Court—though under no necessity of so

[Crescent Brewing Co. v. Handley.]

doing, as the record discloses a sufficient complaint filed before the justice, upon which the trial on appeal might have been had—and therein demanded a jury. It further appears that this demand was made before any trial of the cause could possibly have taken place under the pending orders, and the rules of practice of the court. Our opinion is, that even conceding a demand was necessary to entitle the plaintiff to a jury, this demand was seasonably made, and a jury trial should have been accorded him.

The City Court, therefore, erred in striking out the complaint on which the demand was indorsed, and in rendering judgment without a jury; and that judgment will be reversed, and the cause remanded.